662 A.2d 1102

**COMMONWEALTH of Pennsylvania**

v.

**Donald L. FELTY, Appellant.**

Superior Court of Pennsylvania.

Argued June 8, 1995.

Filed July 25, 1995.

Lawrence J. Hracho, Reading, for appellant.

Iva C. Doughterty, Asst. Dist. Atty., Reading, for Com., appellee.

Before McEWEN, TAMILIA and KELLY, JJ.

KELLY, Judge.

In this opinion, we are called upon to determine whether a police officer may lawfully stop a motor vehicle for a violation of 75 Pa.C.S.A. § 4524(c) (windshield obstructions and wipers; other obstruction) where no evidence exists to show that the object hanging from the rear-view mirror of appellant's motor vehicle appeared to materially obstruct, obscure, or impair the driver's vision, or appear to constitute a safety hazard. We hold that the facts, as found by the suppression court, do not support the conclusion that the police possessed reasonable and articulable grounds to stop appellant's car. Accordingly,

we reverse the judgment of sentence entered by the trial court, and remand for proceedings consistent with this opinion.

This appeal involves a challenge to the suppression court's order denying appellant's motion to suppress evidence seized by police during a warrantless stop of appellant's car for an alleged Motor Vehicle Code violation. The relevant facts and procedural history of this appeal are as follows. On February 6, 1994, at approximately 1:30 a.m., Officers Carr and Anderson of the Reading Police Department approached the appellant's car in the 400 block of Miltimore Street in Reading. The appellant, Donald L. Felty, and two passengers were inside the car. The appellant's car had no lights on and blocked a one-way street. The officers, in a marked patrol car, flashed their lights (both dome and headlights) signaling the car to move. The passengers looked back and then the car proceeded down the street and turned onto another street. The officers requested a license plate check and followed the car for four to five blocks. The plate checked out and the officers observed no violations of the Motor Vehicle Code. During this period, the occupants of the car made some movements in the car and looked back at the patrol car. Officer Carr then observed an object hanging from the rearview mirror and, pursuant to 75 Pa.C.S.A. §§ 4524(c) [1] and 6308(b),[2] pulled the car over.[3] After pulling the car over, the

1. 75 Pa.C.S.A. § 4524(c) provides as follows: "No person shall drive any motor vehicle with any object or material hung from the inside rear-view mirror or otherwise hung, placed or attached in such a position as to materially obstruct, obscure or impair the driver's vision through the front windshield or any manner as to constitute a safety hazard."

2. 75 Pa.C.S.A. § 6308(b) provides as follows: "Whenever a police officer is engaged in a systematic program of checking vehicles or drivers or has articulable and reasonable grounds to suspect a violation of this title, he may stop a vehicle, upon request or signal, for the purpose of checking the vehicle's registration, proof of financial responsibility, vehicle identification number or engine number for the driver's license, or to secure such other information as the officer may reasonably believe to be necessary to enforce the provisions of this title."

3. The arresting officer, Officer Felix Carr, testified that he initially stopped the car to warn the driver of the object hanging from the rear-

two officers approached the car and, after asking for the appellant's drivers license and registration, noticed several bottles of beer (opened and unopened) inside the car and blood on the wrist of the front-seat passenger. The officers then asked for and received valid identifications from the passengers. At this time, the officers discovered several syringes on the car floor near the feet of the front-seat passenger. Officer Carr then asked the appellant if he had any drugs on him to which he responded "No". Officer Carr then asked to search the appellant. The appellant consented and the officer found an empty shoulder holster, a speed loader with gun shells, several loose gun shells, two wooden boxes containing marijuana and hashish respectively, and $3,500.00 cash on the appellant's person. The officers then searched the other passengers and the car. The officers discovered two loaded handguns in the car and several bullets and cartridges on one passenger's person. Also, more syringes were found. The guns had been reported stolen in January, 1994. Appellant was then placed under arrest and charged with possession of a controlled substance,[4] receiving stolen property [5] and conspiracy.[6]

On June 2, 1994, the appellant filed an Omnibus Pretrial Motion requesting suppression of evidence seized and dismissal of the charges pursuant to a Writ of Habeas Corpus. On

view mirror. (N.T. June 29, 1994 at 75). However, it is unclear from the officer's testimony whether he ever actually warned the driver about the object. Also, Officer Carr, after several trips between his patrol car and the appellant's car, failed to ascertain a clear description of the object and only determined that it was "some kind of large object." (N.T. June 29, 1994 at 78). Additionally, neither Officer Anderson, Officer Carr's partner, nor Officer Santana, who arrived at the scene as a backup, testified at the suppression hearing.

4. 35 Pa.S.A. § 780–113(a)(31).

5. 18 Pa.C.S.A. § 3925(a).

6. 18 Pa.C.S.A. § 903(a).

July 13, 1994, the appellant's pretrial motions were denied. On September 9, 1994, the appellant waived his right to a jury trial and was adjudged guilty of possession of a controlled substance and receiving stolen property, and found not guilty of criminal conspiracy. The appellant was sentenced to nine (9) to twenty-three (23) months on the receiving stolen property conviction, to be followed by thirty (30) days probation on the possession of controlled substance conviction. The appellant filed a timely appeal claiming that the trial court erred in refusing to suppress the evidence.

▮▮▮ On appeal, the appellant raises the following issues for our review:

1. AFTER SUCCESSFULLY SIGNALING A DOUBLE PARKED VEHICLE TO MOVE ON, AND AFTER FOLLOWING THE VEHICLE FOR FOUR TO FIVE BLOCKS DURING WHICH THERE IS NO OBSERVATION OF A VEHICLE CODE VIOLATION AND THE POLICE OFFICER HAS OBTAINED INFORMATION VIA RADIO THAT THE LICENSE AND REGISTRATION OF THE VEHICLE ARE VALID AND THAT THE CAR HAS NOT BEEN REPORTED STOLEN, DOES THE OFFICER'S CLAIM TO HAVE NOTICED SOMETHING HANGING FROM THE REAR VIEW MIRROR OF THE VEHICLE, WITHOUT MORE, CONSTITUTE A PRETEXTUAL STOP?

2. AFTER SUCCESSFULLY SIGNALING A DOUBLE PARKED VEHICLE TO MOVE ON, DOES A POLICE OFFICER HAVE SUFFICIENT ARTICULABLE AND REASONABLE GROUNDS TO SUSPECT A VIOLATION WHEN, AFTER FOLLOWING THE VEHICLE FOR FOUR TO FIVE BLOCKS HE OBSERVES NO VEHICLE CODE VIOLATIONS, HE HAS OBTAINED INFORMATION VIA RADIO THAT THE LICENSE AND REGISTRATION OF THE VEHICLE ARE CORRECT AND THAT THE CAR HAS NOT BEEN REPORTED STOLEN, BUT MOVEMENT IS NOTED AMONG THE CAR'S PAS-

SENGERS AND THEY ARE SEEN TURNING AND LOOKING AT THE SQUAD CAR?

Appellant's Brief at 5.

> Our review of an order entered by the suppression court is governed by the following standards. We must first ascertain whether the record supports the factual findings of the suppression court, and then determine the reasonableness of the inferences and legal conclusions drawn therefrom. *Commonwealth v. Burnside,* 425 Pa.Super. 425, 625 A.2d 678 (1993). In reviewing the denial of a motion to suppress evidence, "we consider only the evidence of the prosecution's witnesses and so much of the evidence for the defense as, fairly read in the context of the record as a whole, remains uncontradicted." *Commonwealth v. Reddix,* 355 Pa.Super. 514, 513 A.2d 1041 (1986). When the evidence supports the suppression court's findings of fact on a motion to suppress, this Court may reverse only when the legal conclusions drawn from those facts are erroneous. *Commonwealth v. Quiles,* 422 Pa.Super. 153, 619 A.2d 291 (1993) (*en banc*). However, we are bound by the trial court's findings of fact only to the extent that they are supported by the record. *Commonwealth v. Martinez,* 403 Pa.Super. 125, 588 A.2d 513 (1991).

*Commonwealth v. Wilson,* 440 Pa.Super. 269, 274, 655 A.2d 557, 560 (1995).

The threshold question involved is whether Officer Carr, pursuant to 75 Pa.C.S.A. § 6308(b), possessed reasonable and articulable grounds to believe that the object hanging on the rear-view mirror of the appellant's car violated 75 Pa.C.S.A. § 4524(c), thus, permitting him to stop the car for a Motor Vehicle Code violation. The appellant argues that there were no valid grounds for the officer to stop his car. Specifically, the appellant contends that the initial stop of his car constituted a pretextual stop. Moreover, the appellant contends that neither the object hanging from his car's rear-view mirror nor the behavior of the passengers in his car provided the officers with reasonable and articulable grounds to stop his car.

The trial court held that the stop of appellant's car was entirely permissible under the Motor Vehicle Code. (Trial Court Opinion at 8). Specifically, the trial court noted that Officer Carr, upon seeing the object hanging from the rear-view mirror, had articulable and reasonable grounds to suspect a violation of 75 Pa.C.S.A. § 4524(c). *Id.* at 5. Furthermore, the trial court determined that because the initial stop of the appellant's car was proper, then the subsequent detention and search of the passengers and the car was valid because the officer ascertained facts which would reasonably lead him to believe that criminal activity was afoot. *Id.* at 8. We disagree.

■ Generally, irregular behavior is insufficient to justify a warrantless stop of an individual. *Commonwealth v. Wilson, supra* at 279, 655 A.2d at 563. This Court has held that "articulable and reasonable grounds to suspect" is the appropriate standard for determining whether a traffic stop was supported by a reasonable belief that the Motor Vehicle Code has been violated. *Commonwealth v. McElroy,* 428 Pa.Super. 69, 74, 630 A.2d 35, 38 (1993) (*en banc*); 75 Pa.C.S.A. § 6308(b). Applying this standard, this Court recently held that a police officer does not possess reasonable and articulable grounds to believe that an air freshener hanging on the defendant's car's rear-view mirror violated 75 Pa.C.S.A. § 4524(c). *Commonwealth v. Benton,* 440 Pa.Super. 441, 449, 655 A.2d 1030, 1034 (1995). The panel in *Commonwealth v. Benton, supra,* also concluded that § 4524(c) does not prohibit the hanging of an object from a car's rear-view mirror, but rather, "prohibits the hanging only where such object serves to materially obstruct, obscure or impair the visibility of the driver or constitutes a safety hazard." *Id.* at 445, 655 A.2d at 1032. Accordingly, this Court held in *Commonwealth v. Benton, supra* that a traffic stop will be deemed illegal when there is "no testimony whatsoever by the police officer that an object materially obstructed, obscured or impaired the driver's vision, or appeared to do so, or how an object constituted or appeared to constitute a safety hazard." *Id.* at 448, 655 A.2d at 1034.

In the instant case, Officer Carr lacked the necessary reasonable and articulable grounds to warrant a stop of appellant's car. Officer Carr was unable to articulate a clear description of the object after several visits back and forth between the two cars. (N.T. Suppression Hearing June 29, 1994 at 21, 76–79.) Rather, Officer Carr only described the object in murky and vague language.[7] Additionally, Officer Carr failed to include any mention or description of the object in his police report. *Id.* at 78. Most significantly, Officer Carr never testified that, pursuant to 75 Pa.C.S.A. § 4524(c), the object materially obstructed, obscured or impaired the driver's vision, or constituted a safety hazard. *See Commonwealth v. Benton, supra.*

Thus, the suppression court erred in denying the appellant's motion to suppress because the record does not support the finding that Officer Carr possessed sufficient reasonable and articulable grounds warranting a stop of appellant's car. Consequently, because the suppression court's finding is not supported by the evidence, its legal conclusion based on that finding, namely, that the stop was lawful, was erroneous. We hold that the stop was unreasonable and illegal, thus, tainting

---

7. At the suppression hearing, for example, Officer Carr described the item on the appellant's rear-view mirror as "some kind of large object." (Suppression Hearing, June 29, 1994, at 21). At the preliminary hearing, Officer Carr described the item as "a bandanna or chain or some kind of item hanging from the rear-view mirror." (Preliminary Hearing, May 3, 1994, at 24). Later at the preliminary hearing, Officer Carr described the object as a "bandanna, choker chain, or necklace." *Id.* at 26.

We note that at trial, both parties referred to the notes of testimony from the preliminary hearing dated May 3, 1994. Additionally, the docket entries indicate that the transcript was filed. The notes, however, were not included in the certified record transmitted to this Court. It is appellant's responsibility to ensure the presence of the transcript in the record prior to its certification for appeal. *Commonwealth v. Osellanie,* 408 Pa.Super. 472, 597 A.2d 130 (1991). Normally, we are constrained to refuse consideration of documents not included in the certified record transmitted to this Court. *Id. See* Pa.R.A.P. 1921. However, in the interest of justice and the given fact that neither party disputes the veracity of the notes of testimony from the preliminary hearing, we will disregard this defect because the omission does not affect our ability to engage in effective and meaningful review of the appeal. *See* Pa.R.A.P. 105(a).

the evidence obtained subsequent to the stop. Accordingly, we reverse the judgment of sentence entered by the trial court and remand for a new trial, at which the illegally seized evidence may not be used.

Judgment of sentence reversed. Jurisdiction relinquished.