**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Leon WINT, Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 25, 1999.
Filed April 13, 1999.

John T. O'Malley, Scranton, for appellant.

Michael J. Barrasse, District Attorney; Scranton, for Com., appellee.

Before KELLY, MUSMANNO, and MONTEMURO,* JJ.

KELLY, J.:

¶ 1 Appellant, Leon Wint, has asked us to review the order entered in the Common Pleas Court of Lackawanna County, finding Appellant guilty of driving without a license.[2] For the following reasons, we quash the appeal and remand for sentencing.

¶ 2 The relevant facts and procedural history of this appeal as set forth in the briefs of the parties are as follows. On November 6, 1997, Appellant was issued a summary citation for driving without a license. Appellant contested the citation. On February 4, 1998, a District Magistrate found Appellant guilty. Thereafter, Appellant appealed to the Common Pleas Court of Lackawanna County. On July 2, 1998, a bench trial was held before the Honorable Carmen Minora. After trial, the trial court entered an order, which found Appellant guilty of driving without a license. Appellant filed a notice of appeal.

¶ 3 Appellant raises the following issue for our review:

WHETHER THE TRIAL COURT ERRED IN FINDING [APPELLANT] GUILTY OF DRIVING WITHOUT A LICENSE[?]

(Appellant's Brief at 4).

¶ 4 Pennsylvania law makes clear that "[t]he general rule in criminal cases is that a defendant may appeal only from a final judgment of sentence, and an appeal from any prior order or judgment will be quashed." *Commonwealth v. Kurilla*, 391 Pa.Super. 241, 570 A.2d 1073 (1990). On an appeal for a trial de novo from a summary conviction, the trial court should make a finding of "guilty" or "not guilty" **and impose a sentence.** *Commonwealth v. Young*, 184 Pa.Super. 658, 135 A.2d 774 (1957). Further, Rule 1410

---

* Retired Justice assigned to the Superior Court.

**2.** 75 Pa.C.S.A. § 1501.

of the Pennsylvania Rules of Criminal Procedure governing post-sentence appeal procedures provides that **the imposition of sentence immediately following a determination of guilt** at the conclusion of a trial de novo in a summary case appeal constitutes the final order for purposes of appeal. Pa.R.Crim.P. 1410(D).

¶ 5 In the instant case, the trial court entered a "guilty" verdict but did not impose a fine, other sentence, or order execution of the sentence imposed by the magistrate. Absent the imposition of a fine, other sentence, or order directing the execution of the sentence imposed by the issuing authority, the order appealed from in this case is not a final appealable order. Pa.R.Crim.P. 1410(D). Here, Appellant's appeal is actually from his adjudication of guilt. The trial court has yet to impose judgment of sentence. Thus, Appellant's appeal is interlocutory. Accordingly, we quash the appeal and remand for sentencing. *See Commonwealth v. Walczak*, 440 Pa.Super. 339, 655 A.2d 592, 595 (1995) (noting that appellant's initial appeal was quashed because appeal was from adjudication of guilt and judgment of sentence had not been imposed).

¶ 6 Moreover, Appellant has the responsibility "to make sure that the record forwarded to an appellate court contains those documents necessary to allow a complete and judicious assessment of the issues raised on appeal." *Commonwealth v. Blystone*, 421 Pa.Super. 167, 617 A.2d 778, 783 n. 4 (1992) (quoting *Fiore v. Oakwood Plaza Shopping Center*, 401 Pa.Super. 446, 585 A.2d 1012, 1019 (1991)); *See also Commonwealth v. Felty*, 443 Pa.Super. 559, 662 A.2d 1102, 1105 n. 7 (1995) (citation omitted). For purposes of appellate review, what is not in the certified record does not exist. *Frank v.*

*Frank*, 402 Pa.Super. 458, 587 A.2d 340, 342–343 n. 5 (1991) (citations omitted).

¶ 7 Instantly, Appellant has failed to include in the certified record a transcript of the notes of testimony from his trial *de novo*. Further, the certified record forwarded to this Court contains no evidence of the allegedly "valid" driver's license Appellant possessed on the day he received the citation.[3] Without a record of the trial proceedings or a certified copy of the alleged driver's license, we would be unable to conduct a complete and judicious assessment of whether the trial court erred in finding Appellant guilty of driving without a license. Accordingly, even if we could reach the merits of Appellant's issue, we would find that Appellant has waived the argument on appeal. *See Commonwealth v. Patterson*, 392 Pa.Super. 331, 572 A.2d 1258 (1990), *appeal denied*, 527 Pa. 631, 592 A.2d 1299 (1991) (holding that Appellant waived argument where he failed to include in the certified record evidence that was relevant to issue raised on appeal).

¶ 8 Based upon the foregoing, we quash Appellant's appeal and remand for sentencing.

¶ 9 Appeal quashed; case remanded for sentencing; jurisdiction is relinquished.

---

3. Appellant argues that the trial court erred in finding him guilty of driving without a license because he possessed a valid license from his home country of Jamaica. Although the parties' briefs mention this license and Appellant has attached a copy of the purported license to his brief, nothing in the certified record demonstrates that the license was admitted in evidence or otherwise made a matter of record. Thus, the Jamaican license is not properly before us for consideration.