J-S54044-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| SHAWN  CARMICHAEL | |
| Appellant | No. 372 MDA 2014 |

Appeal from the Judgment of Sentence entered November 18, 2013
In the Court of Common Pleas of York County
Criminal Division at No: CP-67-CR-0005114-2012

BEFORE:  LAZARUS, MUNDY, and STABILE, JJ.

MEMORANDUM BY STABILE, J.:                **FILED NOVEMBER 05, 2014**

Appellant Shawn Carmichael appeals from the judgment of sentence the Court of Common Pleas of York County entered November 18, 2013.[1] Upon review, we affirm.

---

[1] Appellant purports to appeal from the trial court's order denying his post-sentence motion.  Appellant's Brief at vi.  It is well-settled that an appeal lies from the judgment of sentence, not the denial of the post-sentence motion. *See*, *e.g.*, *Commonwealth v. Pratt*, 930 A.2d 561, 562 n.1 (Pa. Super. 2007); *Commonwealth v. Shamberger*, 788 A.2d 408 (Pa. Super. 2001).

While we generally do not comment on the overall quality of the parties' briefs, we are constrained to note the following.  Appellant states this Court "has jurisdiction to hear sentencing matters coming from the Trial Court pursuant to 42 Pa.C.S. Section 724."  Appellant's Brief at iv.  Nowhere did Appellant raise sentencing issues in this matter.  Additionally, reference or reliance on Section 724 is misplaced.  Section 724 pertains to "Allowance of Appeal from Superior and Commonwealth Courts."  Obviously, this is not applicable here.  In the summary of argument section of the brief, Appellant states: "[T]here was insufficient evidence and the weight of the evidence

*(Footnote Continued Next Page)*

On appeal, Appellant raises the following issues for our review:

1. Whether the [trial court] committed an error of law in allowing the use and reading of the preliminary hearing transcript when [Appellant] at the time of the [p]reliminary [h]earing did not possess the discovery packet, the 911 tapes, or other significant exculpatory statements, inconsistent statements and inaccuracies of the alleged victim to allow for an effective cross[-]examination of the victim/witness at the time of the [p]reliminary [sic], thereby prohibiting [Appellant] from actually ever having the opportunity to cross[-]examine his accuser[.]

2. Whether the [trial court] [v]erdict was without sufficient evidence and was against the weight of the evidence[.]

Appellant's Brief at vii.

The facts and the procedural history of the case are not in dispute.

Briefly, Appellant was charged with several crimes as a result of a shooting

involving his fiancé. The same day of the incident, *i.e.*, June 3, 2012, fiancé

*(Footnote Continued)* ───────────

was lacking to support a conviction for criminal conspiracy to commit for criminal conspiracy to commit forgery and/or forgery, and the circumstances simply fail to support such charge." ***Id.*** at ix. Appellant was not convicted of any of these crimes. As the previous instances, this is a clear example of sloppy drafting by the author. We encourage Appellant to carefully proofread any material before filing it with any court. Finally, in the standard of review/scope of review section of the brief, Appellant addresses the standard for sufficiency of the evidence, an issue which was mentioned in the statement of questions involved but later abandoned in the brief. Appellant, however, did not mention the standard for reviewing admission of the evidence, the only issue actually raised and preserved before us, nor did he state the standard for reviewing the weight of the evidence, another claim mentioned in the statement of the questions involved, but later abandoned in the brief. We also urge counsel to familiarize himself with Pa.R.A.P. 2116 and 2119, and to be aware of the consequences resulting from failure to comply with these rules.

authored a handwritten note describing what she witnessed around the time of the shooting. The Commonwealth provided a copy of this handwritten note to Appellant at the preliminary hearing. At the hearing, after sitting as a witness for the Commonwealth, fiancé (or "witness") attempted to invoke her Fifth Amendment privileges, which the judge denied. Witness also attempted to distance herself from the handwritten statement asserting, in essence, the statement was untrue. Appellant's counsel, the same counsel as in this appeal, did not cross-examine the witness.

At the time of the trial, despite the Commonwealth's attempts, Appellant's witness failed to appear to testify as a witness. Over Appellant's objection, the trial court admitted into the evidence the transcript of the preliminary hearing. Eventually, a jury found Appellant guilty of person not to possess a firearm, aggravated assault, recklessly endangering another person, and resisting arrest. After the trial court denied Appellant's post-sentence motions, this appeal followed.

The first issue involves the admission of the transcript of the preliminary hearing into evidence at trial.[2] In addressing the issue, we are guided by the following principles.

---

[2] Although the admission of the preliminary hearing transcript is the main—and only—issue raised on appeal, Appellant failed make sure such transcript was part of the record before us. **See** Pa.R.A.P. 1931; **see also Commonwealth v. Wint**, 730 A.2d 965, 967 (Pa. Super. 1999) ("Appellant has the responsibility to make sure that the record forwarded to an appellate

*(Footnote Continued Next Page)*

[T]he standard of review of a trial court's admission or exclusion of evidence is well established and very narrow:

> Admission of evidence is a matter within the sound discretion of the trial court, and will not be reversed absent a showing that the trial court clearly abused its discretion. Not merely an error in judgment, an abuse of discretion occurs when the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will, as shown by the evidence on record.

> ***Commonwealth v. Montalvo***, 604 Pa. 386, 403, 986 A.2d 84, 94 (2009) (internal citations and quotation marks omitted), *cert. denied,* ––– U.S. ––––, 131 S.Ct. 127, 178 L.Ed.2d 77 (2010)

***Commonwealth v. Akbar***, 91 A.3d 227, 235 (Pa. Super. 2014).

Appellant raises a Confrontation Clause argument.[3]  Without properly

acknowledging the source, Appellant heavily relies on ***Commonwealth v.***

_____

*(Footnote Continued)* —————————

court contains those documents necessary to allow a complete and judicious assessment of the issues raised on appeal.") (citation and quotation mark omitted).  The summary provided above is based on the discussion the parties and the trial court had at the time of trial.  ***See*** N.T. Trial, 10/7-10/11/13, at 111-24.  Additionally, the trial court did not issue a Rule 1925(a) opinion, despite the fact it requested Appellant to file a Rule 1925(b) statement.  The trial court, in fact, filed just a statement stating the reasons for Appellant's convictions can be found in the transcript of the trial and sentencing proceeding.  ***See*** Trial Court's 1925(a) Statement, 5/7/14, at 2.

[3] ***See Commonwealth v. Yohe***, 39 A.3d 381 (Pa. Super. 2012):

> The Confrontation Clause in the Sixth Amendment to the United States Constitution applies to both federal and state prosecutions and provides that, "[i]n all criminal prosecutions, the accused shall enjoy the right ... to be confronted with the witnesses against him...." U.S. Const. amend. IV. The

*(Footnote Continued Next Page)*

*Bazemore*, 614 A.2d 684 (Pa. 1992), in support of his contention that the Commonwealth's failure to provide him "vital impeachment evidence" about a witness prevented Appellant from a full and fair opportunity to cross-examine the same at the preliminary hearing. Thus, according to Appellant, the witness's testimony should not have been admitted into evidence at trial. Appellant's Brief at xiv. We disagree.

*(Footnote Continued)* ───────────

> Pennsylvania Constitution likewise provides that, "[i]n all criminal prosecutions the accused hath a right ... to meet the witnesses face to face." Pa. Const. art. I, § 9.

*Id.* at 384-85. *See also Commonwealth v. Milburn*, 72 A.3d 617 (Pa. Super. 2013):

> Under the Confrontation Clause, a defendant has the right to confront any witnesses against him. Prior to the decision in *Crawford v. Washington*, 541 U.S. 36, [] (2004), the United States Supreme Court took the view that "the Confrontation Clause did not bar the admission of out-of-court statements that fell within a firmly rooted exception to the hearsay rule." *Williams v. Illinois*, ––– U.S. ––––, 132 S.Ct. 2221, 2223, [] (2012); *see Ohio v. Roberts*, 448 U.S. 56, [] (1980). However, the *Crawford* Court held, "Testimonial statements of witnesses absent from trial [can be] admitted only where the declarant is unavailable, and only where the defendant has had a prior opportunity to cross-examine." *Crawford, supra* at 59[.]

*Id.* at 620-21.

The trial court, after explaining its reasons for finding the witness to be "unavailable,"[4] *see* N.T. Trial, 10/7-10/11/13, at 125-28, rejected Appellant's argument, noting the following:

> The defense did see this prior two-page handwritten statement of the witness at the preliminary hearing and so had the opportunity to cross examine [witness] on it at that time. The defense chose not to do so. It was not precluded from doing so. The defense likely had a very good tactical reason for electing not to cross examine [witness] at that time since [witness] was in effect such a poor Commonwealth witness. They would have very little to gain by cross examining her at that point, but that doesn't change the fact that they had a full and fair opportunity to cross examine [witness] if they wished to do so.
> . . . This is not a case where there's any indication that the Commonwealth in this case was playing hide the ball regarding prior convictions or deals or evidence that they sought to keep from the defense that essentially frustrated defense's ability to do a full and fair cross examination.
> The defense has referenced that they didn't have total discovery at the time of the hearing. Well, that's often the case with a preliminary hearing. I'm not aware of any authority that says the defense is entitled to have full discovery at the preliminary hearing stage. And I don't see, having reviewed the preliminary hearing transcript, really the relevance of insurance records or medical records whatsoever to what [witness] testified to. [Witness] essentially said, I was driving my car. I heard some shots go off. I panicked. I got into a car wreck. And there's no indication from the defense of any sort of, you

_____

[4] Appellant states that the trial court's finding that the witness was unavailable is "contested in the appeal." Appellant's Brief at xi. Except for this conclusory statement, there is not even a scintilla of argument in support of this phantom contention. It is in fact uncontested on appeal that the witness was "unavailable" to testify. Accordingly, we will only address whether Appellant had a full opportunity to cross-examine the witness.

> know, misconduct or impropriety or hiding the ball by the Commonwealth in this instance.
>
> There was no intent by the Commonwealth to frustrate the defense's ability to effectively cross examine [witness]. The [c]ourt believes that there was a full and fair opportunity to cross examine [witness]. The defense exercised a tactical decision to not do so. . . . [T]he defense cannot defeat the Commonwealth's ability to use the preliminary hearing testimony by not cross examining.

*Id.* at 128-30.

We agree with the trial court's analysis and conclusions. Appellant had the opportunity to fully and fairly cross-examine the witness, but declined to do so. "The Commonwealth may not be deprived of its ability to present inculpatory evidence at trial merely because the defendant, despite having the opportunity to do so, did not cross-examine the witness at the preliminary hearing stage as extensively as he might have done at trial." ***Commonwealth v. Leak***, 22 A.3d 1036, 1045 (Pa. Super. 2011) (citation omitted). Thus, under the circumstances of this case, the introduction of the preliminary hearing transcript did not violate Appellant's rights. The claim is, therefore, without merit.

Based on the foregoing we also note that reliance on ***Bazemore*** is misplaced. In ***Bazemore*** our Supreme Court found appellant's right to confrontation was violated because he "was denied a full and fair opportunity to cross-examine [witness] at the preliminary hearing so as to preclude the use of that testimony at trial." ***Bazemore***, 614 A.2d at 687. Specifically, the Supreme Court noted that:

At the time of the preliminary hearing, defense counsel was not aware that [witness] had given a prior *inconsistent* statement to the police nor was she made aware that the Commonwealth was contemplating the filing of criminal homicide, conspiracy and aggravated assault charges against [witness], which charges arose out of the same incident giving rise to the charges at issue in the hearing. In addition, counsel was unaware of [witness]'s prior criminal record.

*Id.* (emphasis in original).

The instant matter is easily distinguishable from **Bazemore**. First, Appellant provides no indication of what piece of information he needed for purposes of full and fair opportunity to cross-examine the witness.[5] Appellant essentially argues all material in possession of the Commonwealth at the time of the preliminary hearing had to be provided to Appellant well in advance of the hearing in order for Appellant to be able to fully and fairly cross-examine the witness. We are not aware of any authority supporting Appellant's position, nor does Appellant cite any.[6] While not specifically

_____

[5] *Cf. Leak*, 22 A.3d at 1044 (Appellant listed and discussed the items that were critical to his ability to cross-examine witness).

[6] In fact, the Supreme Court in **Bazemore** noted:

We are mindful of the rules of discovery governing criminal prosecutions and by our holding today do not seek to abrogate those rules. Rather, our holding is limited to the facts *sub judice* and to a determination of what constitutes "full and fair" cross-examination of a now unavailable witness where the defense has been denied access to vital impeachment evidence either at or before the time of the prior proceeding at which that witness testified.

*(Footnote Continued Next Page)*

stated, it appears the challenge here is focused only on one handwritten statement provided by the witness on June 3, 2012.[7] This circumstance,

*(Footnote Continued)* ———————

> Accordingly, we do not, today, impose upon the Commonwealth a duty to disclose that which it is not obligated by law to disclose.

**Bazemore**, 614 A.2d at 688 (emphasis added).

Additionally, Appellant seems to suggest that having been provided only with "the briefest opportunity to review a prior statement a [sic] the preliminary hearing, does not provide the court [sic] with the full and fair opportunity for cross-examination that this demanded." Appellant's Brief at xiv. Appellant's argument is misplaced. Under **Bazemore** a defendant is not provided with a full and fair opportunity to cross-examine an unavailable witness "where the defense has been denied access to vital impeachment evidence **either at or before the time of the prior proceeding at which that witness testified**." **Id.** As noted, this is not the case here.

———————
[7] Appellant suggests there were several inconsistent statements by the witness that he could have used for purposes of impeachment. Appellant's Brief at xiv. Nowhere does Appellant identify these additional statements he needed for purposes of impeachment, even after he had the opportunity to review the discovery material. Additionally, a review of the transcript reveals the discussion at trial focused only on one statement, the very one the Commonwealth provided at the time of the preliminary hearing. N.T. Trial, 10/7-10/11/14, at 113, 155-16.

As a general proposition, we also note the mere fact Appellant might have lacked some damaging information at the time of the preliminary hearing does not necessarily amount to a violation his right to confrontation. **See Commonwealth v. Laird**, 988 A.2d 618, 630 n.10 (Pa. 2010) (noting that in **Commonwealth v. Paddy**, 800 A.2d 294 (Pa. 2002), the Supreme Court "permitted the introduction of prior testimony from an unavailable witness where the defense attorney at the former hearing lacked some damaging information concerning the witness, but possessed other data which he put to effective use") (citation omitted)). Here, Appellant had at least one inconsistent statement he could have used for purposes of impeachment, but chose not to do so.

however, provides an additional ground for distinguishing **Bazemore**. In **Bazemore**, the Commonwealth, *inter alia*, did not disclose the witness had given a prior inconsistent statement to the police. This failure was fatal, but not the case here. As noted, Appellant was provided at the preliminary hearing with a copy of the inconsistent statement authored by the witness. N.T. Trial 10/7-10/11/14, at 116-17. However, while in possession of the inconsistent statement, Appellant made a strategic decision not to inquire about it. Appellant cannot now complain about his own strategy. **See Leak**, 22 A.3d at 1045.

In **Bazemore**, the sole Commonwealth's "witness was central to the prosecution's case, and therefore his credibility was of vital importance." **Leak**, 22 A.3d at 1045. Here, whether witness was essential to the Commonwealth's case is questionable. As noted by the trial court, the witness here would have been essential to the Commonwealth, if she were willing to testify as to the facts of the case. N.T. Trial, 10/7-10/11/14, at 127. The witness's testimony at the preliminary hearing, however, was "weak" or not "particularly strong" for the Commonwealth because she sought to distance herself from the handwritten statement she gave to investigators in an attempt to "not lay any liability" on Appellant. **Id.** at 127-28.

Finally, there is no indication or suggestion that the Commonwealth had other inconsistent statements at the time of the preliminary hearing or that it denied Appellant access to impeachment evidence. **Id.** at 129-30.

In light of the foregoing, we conclude the trial court did not abuse its discretion in admitting at trial the transcript of the preliminary hearing.

Appellant next inartfully purports to challenge the sufficiency and weight of the evidence. Both the sufficiency and the weight of the evidence claims are waived for failure to address them in the brief. While they were listed in the statement of questions involved, Appellant's Brief at vii,[8] the issues were not addressed further in the brief. Accordingly, the issues are waived. *See*, *e.g.*, *Commonwealth v. English*, 699 A.2d 710, 714 n.5 (Pa. 1997) (noting issue included in statement of questions presented but not argued in text of brief is waived); *Commonwealth v. LaCava*, 666 A.2d 221, 229 n.9 (Pa. 1995) (claim mentioned in statement of questions in direct capital appeal, but not mentioned again or developed in argument section of brief is waived); *Commonwealth v. Price*, 876 A.2d 988, 996 (Pa. Super. 2005) (issue identified on appeal but not properly developed in an appellate brief is waived).

Judgment of sentence affirmed.

_____

[8] As noted above, in the summary of argument section Appellant purports to challenge the sufficiency and the weight of the evidence supporting a phantom conviction of criminal conspiracy to commit forgery and/or forgery. Appellant was not convicted of any these crimes.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/5/2014