J. S11036/19

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| MARY FRICK, | : | No. 70 EDA 2018 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence, November 30, 2017,
in the Court of Common Pleas of Montgomery County
Criminal Division at No. CP-46-SA-0000390-2017

BEFORE:  SHOGAN, J., MURRAY, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.: **FILED APRIL 23, 2019**

Mary Frick appeals from the November 30, 2017 judgment of sentence entered in the Court of Common Pleas of Montgomery County following her summary convictions in a trial ***de novo*** of harassment (engages in a course of conduct or repeatedly commits acts which serve no legitimate purpose) and criminal mischief (intentionally damages real or personal property of another).[1]  Appellant received a sentence of 48 hours of incarceration on the harassment conviction and an aggregate $600 fine.[2]  We affirm.

---

[1] 18 Pa.C.S.A. §§ 2709(a)(3) and 3304(a)(5), respectively.

[2] Appellant's period of incarceration for the harassment conviction was to commence on January 3, 2018.  Appellant was found guilty of criminal mischief with no assigned penalty. (Order of court, 11/30/17.)  Appellant was fined $300 on each conviction for an aggregate of $600.  (***See id.***; ***see also*** trial court opinion, 6/14/18 at 3 (citing trial transcript 60:12-14).)

The trial court set forth the following factual history:

> The case grew out of a running dispute [appellant] had with a couple who had moved into a townhouse next to hers.
>
> The evidence at trial showed, and the Court found, that [appellant] over many months engaged in a course of conduct of directing abusive language, offensive gestures, and provocative signs at the neighbors along the property line where her driveway and theirs adjoined, twice throwing dog feces onto their property, and once deliberately using her car to knock over a 400-pound planter--which the neighbors had placed on their side of the line to prevent [appellant] from parking too close to their automobiles and hitting them with [appellant's] car door--spilling the planter's contents onto the ground. The Court received evidence of [appellant's] conduct toward the neighbors consisting of photographs and videotapes the couple had made as well as oral descriptions by the man, who testified that as a result of the conduct the couple had to move out of the house less than two years after purchasing it.

Trial court opinion, 6/14/18 at 1-2.

The record reflects that at the conclusion of the Commonwealth's case, appellant moved for a judgment of acquittal on the basis, ***inter alia***, that there was no evidence of damage to the planter to support the charge of criminal mischief. The trial court denied appellant's motion.

Following sentencing, appellant filed a post-sentence motion to modify the sentence which the trial court denied. Appellant filed a timely notice of appeal. The trial court ordered appellant to file a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant timely complied. The trial court subsequently filed its Rule 1925(a) opinion.

Appellant raises the following issue for our review:[3]

> Did the Trial Court improperly find [appellant] guilty of Criminal Mischief pursuant to 18 Pa.C.S.[A.] § 3304(a)(5) when the evidence was insufficient as a matter of law to find [appellant] guilty of that offense?

Appellant's brief at 2.

Our standard and scope of review for a sufficiency of the evidence claim is well settled.[4]

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter

---

[3] We note that although appellant raised three issues in her Rule 1925(b) statement, appellant abandoned two of those issues on appeal.

[4] We acknowledge the Commonwealth's argument in its brief that appellant waived her sufficiency claim because appellant failed to provide a complete record for purposes of appeal in that appellant did not provide the videotapes as part of the record. In reviewing the record, we find that three of the four videotape exhibits relate to the conviction for harassment which appellant does not raise on appeal. (Trial transcript, 6/18/18 at 18-27.) The contents of the final videotape, Exhibit "C-2," were described by the trial court as: "[T]here's a video of [appellant] coming out of her house, getting into this car, backing in her driveway[,] and deliberately crashing into the flower box." (Trial court opinion, 6/14/18 at 13.) In light of the trial court's description of what the videotape showed, we do not find the videotape "necessary to allow a complete and judicious assessment of the issues raised on appeal." *Commonwealth v. Wint*, 730 A.2d 965, 967 (Pa.Super. 1999) (citation omitted). Therefore, we find no waiver of appellant's claim.

of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proof or proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all the evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

***Commonwealth v. Pappas***, 845 A.2d 829, 835-836 (Pa.Super. 2004) (citation omitted).

Criminal mischief is defined as:

**§ 3304. Criminal mischief**

**(a) Offense defined.--**A person is guilty of criminal mischief if he:

. . . .

> (5) intentionally damages real or personal property of another.

18 Pa.C.S.A. § 3304(a)(5).

Here, appellant argues that a conviction of criminal mischief under 18 Pa.C.S.A. § 3304(a)(5) requires some type of actual, physical, or visible damage to the property to be proven and that the trial court erred in finding damage to the planter had been established. (Appellant's brief at 10.) We disagree.

In viewing the evidence in the light most favorable to the Commonwealth, as the verdict winner, this court finds that there is sufficient

evidence to support the trial court's finding of the element of damage to the victim's property beyond a reasonable doubt to support the conviction of criminal mischief. The trial court found damage to the planter when appellant, using her automobile, caused the planter to topple and spill its contents onto the victim's driveway to the extent the victim had to undertake significant efforts to clean up the spill and rebuild the planter to withstand further blows. (Trial court opinion, 6/14/18 at 14.) This finding of damage is supported by the photographs the trial court viewed of the planter toppled and its contents spilled on the victim's driveway; the testimony of the victim that the planter had been toppled, its contents spilled, and the efforts the victim took to remedy the situation; and the videotape which the trial court described as showing appellant driving into the planter with her automobile.[5] This court has held that for purposes of criminal mischief, damage to the victim's property need not be permanent, only that some type of damage was done. *See Commonwealth v. Vida*, 715 A.2d 1180, 1181 (Pa.Super. 1998) (finding that to obtain a criminal mischief conviction, damage "does not by definition mean permanent damage"). In this case, the evidence shows beyond a reasonable doubt that the planter, in its up-right position, was not the same immediately following appellant's act of hitting the planter with her automobile. After appellant's act, the planter was toppled and its contents

---

[5] Appellant admits that the planter was toppled. (Appellant's brief at 10 ("all that happened was that the planter was tipped over.").)

spilled, thereby establishing the element of damage for purposes of criminal mischief. Therefore, appellant's claim fails.

Judgment of sentence affirmed.


Murray, J. joins this Memorandum.

Shogan, J. concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary



Date: 4/23/19