J-A13001-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| ALLISON SOLLEY | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TYLER SOLLEY | : | |
| | : | |
| Appellant | : | No. 2480 EDA 2021 |

Appeal from the Order Entered November 24, 2021
In the Court of Common Pleas of Northampton County Civil Division at
No(s):  C-48-PF-2021-00523

BEFORE:  OLSON, J., DUBOW, J., and KING, J.

MEMORANDUM BY OLSON, J.:                    **FILED JULY 12, 2022**

Tyler Solley ("Father"), files this appeal from the Final Protection From Abuse ("PFA") Order entered on November 24, 2021, in the Northampton County Court of Common Pleas, granting Allison Solley ("Mother") and their two children protection from Father for a period of three years.  After review, we affirm the trial court's order.

The trial court summarized the relevant procedural and factual history as follows:

> On July 19, 2021, a temporary [PFA] order was granted for [Mother] and her two minor children against [Father].  [Mother] averred that [Father] has physically and verbally abused her from 2012 to the present, with the most recent incident occurring in the early hours of July 19, 2021.  On that date, [Father], while intoxicated, [] raped [Mother] and subsequently threatened to kill himself, [Mother], and their daughters.  [Mother] was eventually able to call for help and [Father] was subsequently arrested.
>
> A final PFA hearing was conducted on November 24, 2021 before the [trial court].  Both [Mother] and [Father] took the

stand. [1], [2]  At the end of the hearing, and upon consideration of the evidence presented, the [trial court] found that [Mother and the children] had a reasonable fear of imminent bodily harm and entered a three-year PFA.[3]

---

[1] Father was dismissed shortly after taking the stand as it became apparent that his response to any question regarding the July 19, 2021 incident was to assert his Fifth Amendment right against self-incrimination as there were outstanding criminal charges.  N.T., 11/24/21, at 13-19.

[COUNSEL FOR MOTHER]: So[,] if [Father] isn't going to answer any of the questions – I have a whole outline of questions, Judge, but I don't want to burden the [c]ourt and the record with these continual interruptions.  So[,] if counsel is making it pretty clear that if I ask him any questions about July 19th, he's not going to answer the questions?

[THE COURT]:  Correct?

[COUNSEL FOR FATHER]:  Yes, that is correct, You Honor. . . .

*Id.* at 18-19.

[2] Aside from the testimonial evidence, Mother marked and admitted several exhibits during this hearing, including the criminal complaint, search warrant application, and a letter from Children and Youth Services.  N.T., 11/24/21, at 5, 60, 67.  These exhibits, however, are not included with the certified record.  We remind counsel, "Appellant has the responsibility to make sure that the record forwarded to an appellate court contains those documents necessary to allow a complete and judicious assessment of the issues raised on appeal."  ***Commonwealth v. Wint***, 730 A.2d 965 (Pa. Super. 1999); ***see also*** Pa.R.A.P. 1921 Note (stating, "Ultimate responsibility for a complete record rests with the party raising an issue that requires appellate court access to record materials.") (citation omitted).  While counsel for Mother included the criminal complaint as an appendix to Mother's brief, this cannot be considered by this Court as it is not part of the certified record.  ***See Commonwealth v. Preston***, 904 A.2d 1, 6 (Pa. Super. 2006) (*en banc*) (noting that an appellate court may only consider that which is in the certified record).  The lack of exhibits, however, does not hamper our review given the nature of Father's appeal.

[3] The court memorialized its determination by order of November 24, 2021.  The court's order included a temporary custody provision vesting full custody
*(Footnote Continued Next Page)*

- 2 -

Trial Court Opinion, 1/31/22, at 1-2.

Notably, during the November 24, 2021 hearing, Mother's direct examination focused squarely on the incident of July 19, 2021, where, she testified, Father raped her, strangled her, and threatened to murder her and her two children. N.T., 11/24/21, at 25-46. As such, the trial court excluded cross-examination as to prior incidents of abuse. *See id.* at 47 (the trial court

_____

of the children in Mother pending further order. Final PFA Order, 11/24/21, at ¶ 5. In contravention of Father's request, the trial court noted that it was not excluding the children as protected parties. N.T., 11/24/21, at 61, 67, 69. As to the custody of the parties' children, the court made it clear that such a determination would ultimately be made in custody court. *Id.* at 69-70. The court declared:

> As I indicated previously, if a PFA is entered, that temporary custody is vested with [Mother] pending the custody court determination.
>
> . . .
>
> On the custody provision, temporary custody of minor children [] shall be as follows:
>
> Legal and physical custody shall be vested with [] Mother, until further Order of Court.
>
> Further custody proceedings shall occur in custody court, with a determination of the custody and visitation rights of Father to be determined.
>
> Absent consideration of the facts alleged by [Mother] in paragraph 13 of the temporary PFA issued in this matter on July 19, 2021, in which [Mother] testified to on November 24, 2021, the entry of this PFA shall not indicate an adverse interest as to [Father] in future custody proceedings, during which a separate factual record can be established.

*Id.*

stated, "The testimony of this witness was what happened on July 19th, and that's what we're going to limit the cross-examination to"); *see also id.* at 49. Further, Father then attempted to present the testimony of Mother's and Father's marriage counselor, Dr. Midas,[4] despite the concession of Father's counsel that Dr. Midas "was not a witness to what occurred on July 19th."[5] *Id.* at 67. After the trial court inquired into the relevancy of Dr. Midas' testimony, Father rested and requested to release Dr. Midas.[6] *Id.* at 69-70.

Thereafter, Father, through counsel, filed a timely notice of appeal on December 1, 2021.[7] On appeal, Father raises the following issues for our review:

_____

[4] Counsel for Mother represented that Dr. Midas was originally involved as Mother's individual counselor and then "migrated" to the role of marriage counselor. *Id.* at 5. The record does not reveal Dr. Midas' first name.

[5] The issue of Dr. Midas' testimony was additionally raised preliminarily at the outset of the hearing and the trial court deferred its determination as to Dr. Midas' testimony and its relevance. *Id.* at 5-8.

[6] Despite indication of numerous other witnesses present, N.T., 11/24/21, at 5, the only witness mentioned by name and offered by Father was Dr. Midas, *id.* at 67, 69-70.

[7] In light of the fact that the November 24, 2021 PFA order affected child custody, this Court entered an order on December 17, 2021, designating the appeal a Children's Fast Track appeal and directing Father to file his Rule 1925(b) statement, pursuant to Pa.R.A.P. 1925(b), no later than December 27, 2021. Per Curiam Order, 12/17/21, at 1. On December 23, 2021, Father filed his Rule 1925(b) statement with this Court. A certificate of service attached to the Rule 1925(b) statement revealed that Father mailed the 1925(b) statement to the trial court and e-mailed the Rule 1925(b) statement to the trial court judge's secretary. Rule 1925(b) Statement, 12/23/21, at 1.
*(Footnote Continued Next Page)*

- 4 -

1. Was it error to limit cross examination solely to matters testified to on direct examination when the larger scope of activity averred in already admitted documents required testing for credibility and such limitation violated [Father's] due process rights?

2. Was it error to limit witnesses to exclude any witnesses to the larger scope of activity specified in already admitted documents that required testing for credibility, such that [Father's] due process rights were violated?

Father's Brief at 4.

We review the PFA order under the following standard:

In the context of a PFA order, we review the trial court's legal conclusions for an error of law or abuse of discretion. The purpose of the PFA Act is to protect victims of domestic violence from those who perpetrate such abuse, with the primary goal of advance prevention of physical and sexual abuse.

***K.B. v. Tinsley***, 208 A.3d 123, 127 (Pa. Super. 2019) (quotation marks and citations omitted); ***see also C.H.L. v. W.D.L.***, 214 A.3d 1272, 1276 (Pa. Super. 2019); ***Custer v. Cochran***, 933 A.2d 1050, 1053-1054 (Pa. Super. 2007) (*en banc*).

Although Father's "statement of questions involved on appeal" lists two appellate claims, the argument section of Father's brief is limited to a single

---

On January 3, 2022, this Court received correspondence from the trial court judge, with an attached December 28, 2021 order, stating that Father had not properly effectuated service by mail or in person as required pursuant to Pa.R.A.P. 1925(b)(1) and Pa.R.A.P. 121(c). Letter, 1/3/22, at 1. A certificate of service and certified mail receipt attached to an amended notice of appeal and Rule 1925(b) statement filed with this Court on January 3, 2022 reveal that Father served the trial court judge by mail on December 29, 2021. ***See*** Amended Notice of Appeal, 1/3/22, at 1. As such, Father timely complied with this Court's order and properly served the trial court judge within a week and the trial court ultimately addressed Father's issues raised on appeal in its Rule 1925(a) opinion.

claim: that the trial court erred when it restricted his cross-examination of Mother. As Father has not developed any argument regarding the trial court's exclusion of Dr. Midas, we conclude that Father's second numbered claim on appeal is waived. *See In re W.H.*, 25 A.3d 330, 339 n.3 (Pa. Super. 2011) *quoting **In re A.C.***, 991 A.2d 884, 897 (Pa. Super. 2010) ("[W]here an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived."); *see also In re M.Z.T.M.W.*, 163 A.3d 462, 465-66 (Pa. Super. 2017).[8]

Therefore, we proceed to address Father's first issue, where he claims that the trial court erred when it limited his cross-examination of Mother. He

---

[8] Even if preserved for our review, we would find this claim to be without merit. As the trial court explained: "[e]ven if the [c]ourt had allowed [Father's] witnesses to take the stand, nothing within their testimony would disavow the credible testimony of [Mother] outlining the incident that occurred on July 19th, which was sufficient evidence to grant a final PFA." Trial Court Opinion, 1/31/22, at 6. We agree. *See* 23 Pa.C.S.A. § 6102(a) (providing, in part: "The occurrence of one or more of the following acts between family or household members, sexual or intimate partners or persons who share biological parenthood: (1) Attempting to cause or intentionally, knowingly or recklessly causing bodily injury, serious bodily injury, rape, involuntary deviate sexual intercourse, sexual assault, statutory sexual assault, aggravated indecent assault, indecent assault or incest with or without a deadly weapon; (2) Placing another in reasonable fear of imminent serious bodily injury. . . ."; *see also Thompson v. Thompson*, 963 A.2d 474, 477 (Pa. Super. 2008) (citations omitted) (a sufficiency of the evidence claim as to a PFA order is reviewed for and requires the establishment of abuse by a preponderance of the evidence); *see also D.H. v. B.O.*, 734 A.2d 409, 410 (Pa. Super. 1999); *see also Fonner v. Fonner*, 731 A.2d 160, 161 (Pa. Super. 1999).

maintains that Mother referenced past incidents in her PFA filings and, as such, the trial court erred in limiting his cross-examination of Mother to the July 19, 2021 incident. Father's Brief at 7. Father states,

> Regarding the matter at hand, the underlying PFA documents specified a much larger scope of activity than just the instance of July 19, 2021. The larger scope of allegations in the underlying petition are relevant and[,] in fact, intertwined with[] the instance that allegedly occurred on July 19, 2021 as the allegations are all of the same nature, involve all the same parties, and inclusion of these allegations would tend to make certain facts more or less probable than without such inclusion.

*Id.* Father argues the importance of these other instances as it relates to credibility. He "avers that cross examination into these other instances would have cast doubt on both these other instances as well as the instant allegations of July 19, 2021." *Id.* Father then argues that the limited cross-examination resulted in the denial of his due process rights. *Id.* at 8-9.

Critically, the trial court based its final determination on Mother's testimony as to the events of July 19, 2021, which it found to be sufficient evidence of abuse. N.T., 11/24/21, at 70-71; *see* 23 Pa.C.S.A. § 6102(a); *see also Thompson*, 963 A.2d at 477; *see also D.H.* 734 A.2d at 410; *see also Fonner*, 731 A.2d at 161. As such, "[a]ny cross-examination concerning prior abuse would not outweigh the credible testimony of [Mother] regarding the incidents that occurred on July 19th that put [Mother and the children] in reasonable fear of imminent bodily harm." Trial Court Opinion, 1/31/22, at 5.

As to the admission of evidence, the discretion of the trial court is well-settled.

The admissibility of evidence is within the sound discretion of the trial court, and we will not overturn its decisions in this regard absent an abuse of discretion or misapplication of law. We also do not reverse such a ruling unless the objecting party sustained prejudice. An abuse of discretion is not merely an error of judgment. It requires a showing of manifest unreasonableness, partiality, ill-will, or such lack of support as to be clearly erroneous. Under this standard, the party challenging the trial court's discretion on appeal bears a heavy burden.

*Kimble v. Laser Spine Inst., LLC*, 264 A.3d 782, 795 (Pa. Super. 2021) (quotation marks and citations omitted).

Similarly, the scope of cross-examination is also left to the discretion of the trial court. "It is well settled that the scope of cross-examination is a matter within the discretion of the trial court and will not be reversed absent an abuse of that discretion. When a trial court determines the scope of cross-examination, it may consider whether the matter is collateral, the cross-examination would be likely to confuse or mislead the jury, and the cross-examination would waste time." *Commonwealth v. Largaespada*, 184 A.3d 1002, 1009 (Pa. Super. 2018).

Further, Rule 611 provides as follows as to cross-examination:

**Rule 611. Mode and Order of Examining Witnesses and Presenting Evidence**

**(a) Control by the Court; Purposes.** The court should exercise reasonable control over the mode and order of examining witnesses and presenting evidence so as to: (1) make those procedures effective for determining the truth; (2) avoid wasting time; and (3) protect witnesses from harassment or undue embarrassment.

**(b) Scope of Cross-Examination.** Cross-examination of a witness other than a party in a civil case should be limited to the subject matter of the direct examination and matters affecting credibility, however, the court may, in the exercise of discretion,

- 8 -

permit inquiry into additional matters as if on direct examination. **A party witness in a civil case may be cross-examined by an adverse party on any matter relevant to any issue in the case, including credibility, unless the court, in the interests of justice, limits the cross-examination with respect to matters not testified to on direct examination.**

Pa.R.E. 611 (emphasis added).

Moreover, pursuant to Pa.R.E. 401:

**Rule 401. Test for Relevant Evidence**

Evidence is relevant if:

(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and

(b) the fact is of consequence in determining the action.

Pa.R.E. 401.

In support of its limitation of Mother's cross-examination, the trial court reasoned that Mother proceeded only with respect to the incident of July 19, 2021, making other instances of past abuse irrelevant and ancillary. The court stated:

> [Father] is correct[] in [stating] that the original complaint that supported the temporary PFA did include allegations of past abuse. However, the only matter before the [c]ourt on November 24th was a hearing for the issuance of a final PFA. At that hearing, [Mother] made the tactical decision to proceed solely on the events of July 19th[] and did not proffer any evidence of prior abuse. Even with the broader scope of cross-examination allowable under Pa.R.E. 611(b), any cross-examination regarding this past abuse was irrelevant, and collateral, to the PFA proceedings that occurred on November 24th. Thus, it was within this [c]ourt's discretion to deny cross-examination on these matters.

Trial Court Opinion, 1/31/22, at 5 (citations and footnote omitted).

- 9 -

We agree with the trial court. The trial court acted within its discretion in finding that cross-examination of Mother on incidents beyond July 19, 2021 was collateral and irrelevant given the focus of her direct examination on the events and circumstances of July 19, 2021. Further, the trial court's restriction did not deny Father due process. *See In re J.N.F.*, 887 A.2d 775, 781 (Pa. Super. 2005) ("Due process requires nothing more than adequate notice, an opportunity to be heard, and the chance to defend oneself in an impartial tribunal having jurisdiction over the matter."); *see also In re Adoption of Dale A., II*, 683 A.2d 297, 300 (Pa. Super. 1996) *citing Mathews v. Eldridge*, 424 U.S. 319 (1976) ("Due process is flexible and calls for such procedural protections as the situation demands."). Father had the opportunity to cross-examine Mother and to present evidence. The trial court merely restricted cross-examination to topics that were based on the events of July 19, 2021. For the reasons stated by the trial court, we discern no abuse of discretion and do not disturb the trial court's determination.

For the foregoing reasons, we affirm the trial court's order.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/12/2022

- 10 -