J-S08019-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| JONATHAN FRU AWASOM | : | |
| | : | |
| Appellant | : | No. 1191 EDA 2024 |

Appeal from the Judgment of Sentence Entered March 25, 2024
In the Court of Common Pleas of Lehigh County Criminal Division at
No(s): CP-39-SA-0000215-2023

BEFORE: DUBOW, J., KUNSELMAN, J., and FORD ELLIOTT, P.J.E.

JUDGMENT ORDER BY KUNSELMAN, J.: **FILED MAY 2, 2025**

Jonathan Fru Awasom appeals, *pro se*, from the judgment of sentence imposing a $35 fine, after the trial court convicted him of speeding.[1] Because Mr. Awasom did not provide us with a transcript of the trial, we affirm.

On July 1, 2023, a police officer stopped Mr. Awasom and issued him a speeding ticket for doing 82 m.p.h. in a 55 zone. The magisterial district court convicted Mr. Awasom, and he appealed to the trial court, which held a trial *de novo*. The ticketing officer testified for the Commonwealth. **See** Trial Court Opinion, 6/3/24, at 5. Mr. Awasom testified for himself. **See id.** at 8.

The trial court convicted and sentenced Mr. Awasom as described above; this appeal followed. Mr. Awasom filed a request for a trial transcript, but, on April 24, 2024, the trial court denied his request, without prejudice, because Mr. Awasom's request "did not provide all of the requisite information . . .

_____

[1] See 75 Pa.C.S.A. § 3362(a)(2).

under section 1, Case Information." T.C.O., 4/24/24, at 1 n.1. Mr. Awasom never refiled his request. Hence, there is no transcript of the trial in the certified record.

This gap in the record is fatal to Mr. Awasom's appeal, because his issues involve the events at the non-jury trial. Specifically, Mr. Awasom asks:

1.  Did [the trial court's] questioning of [him at trial] constitute judicial malpractice?

2.  Did [the officer's] testimony raise reasonable doubt about the accuracy of speed measurement?

Awasom's Brief at 2-3.

"The fundamental tool for appellate review is the official record of the events that occurred in the trial court." *Commonwealth v. Preston*, 904 A.2d 1, 6 (Pa. Super. 2006) (*en banc*). The certified record consists of the "original papers and exhibits filed in the lower court, the *transcript of proceedings*, if any, and a certified copy of the docket entries prepared by the clerk of the lower court." Pa.R.A.P. 1921 (emphasis added). A complete, certified record "is necessary because, unless the trial court certifies a document as part of the official record, the appellate judiciary has no way of knowing whether that piece of evidence was duly presented to the trial court or whether it was produced for the first time on appeal and improperly inserted into the reproduced record." *Preston*, 904 A.2d at 6−7.

Here, we need the trial transcript to review the issues that Mr. Awasom raises. Without the transcript, we have no way of knowing what questions the

trial court asked him or what evidence the Commonwealth presented to prove that Mr. Awasom sped. In short, because we have no transcript to review, "there is no support for [Mr. Awasom's] arguments and, thus, there is no basis on which relief could be granted." *Id.*

Additionally, this Court may not assist an appellant in perfecting the record for his appeal. The appellant "has the responsibility to make sure that the record forwarded to an appellate court contains those documents necessary to allow a complete and judicious assessment of the issues raised on appeal." Pa.R.A.P. 1931, Exp. Comment – 2004 (quoting *Commonwealth v. Wint*, 730 A.2d 965 (Pa. Super. 1999)). Pennsylvania Rule of Appellate Procedure 1911(a) requires appellants to order and pay for any transcript that the appellate court needs to resolve the issues on appeal. Where, as here, "the appellant caused a delay or other problems in transmitting the certified record, then he . . . is not entitled to relief, and the judgment of the court below should be affirmed." *Preston*, 904 A.2d at 8.

Because Mr. Awasom failed to obtain a trial transcript, we are unable to review the issues on appeal. Thus, we dismiss his appellate issues and affirm.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 5/2/2025