J-A28016-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| EDWARD MAZUREK | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| JOANNE RUSSELL | |
| Appellee | No. 257 EDA 2014 |

Appeal from the Order Entered November 14, 2013
In the Court of Common Pleas of Montgomery County
Civil Division at No: 08-14339

BEFORE:  GANTMAN, P.J., WECHT, J., and JENKINS, J.

CONCURRING MEMORANDUM BY JENKINS, J.:  **FILED DECEMBER 18, 2014**

I join in Judge Wecht's memorandum for the following reasons.

This Court has held, pursuant to Pa.R.A.P. 1911, that when the certified record does not include all transcripts necessary for meaningful review, the appellant waives all issues that cannot be resolved in the absence of the transcripts.  ***Commonwealth v. Preston***, 904 A.2d 1, 7 (Pa.Super.2006) (*en banc*).  ***Preston*** observes that when transcripts are missing from the record, "it is not proper for either the Pennsylvania Supreme Court or the Superior Court to order transcripts nor is it the responsibility of the appellate courts to obtain the necessary transcripts."  ***Id***.  There is one exception to this principle: Pa.R.A.P. 105 prescribes that the Rules "shall be liberally construed," and that for good cause, an appellate court may "disregard" the Rules "in a particular case on application

of a party or on its own motion." Pa.R.A.P. 105(a). Based on Rule 105(a), this Court has decided, in the interest of justice, to consider transcripts not included in the certified record, where neither party disputes the veracity of the transcripts. **Commonwealth v. Felty**, 662 A.2d 1102, 1105 n. 7 (Pa.Super.1995).

In this case, footnote 1 of Judge Wecht's memorandum states that the April 20[1] and August 21 hearing transcripts are not in the certified record, but that he was able to obtain them "through informal inquiries." I conclude that consideration of these transcripts is in harmony both with **Preston** and Rule 105(a). While it is not our "responsibility. . .to obtain necessary transcripts," **Preston**, 904 A.2d at 7, when a panelist decides to take this step, and when neither party disputes the veracity of the transcripts, the interests of justice weigh in favor of reviewing them.

I consider the interests of justice to weigh most heavily in favor of this measure when the appellant is *pro se* and unschooled in the law. The appellant in this case is an attorney; this is his third appeal against his former spouse. This appellant does not have any excuse for failing to make sure that the record was complete. His failure to take this simple step speaks ill of his attention to detail and indicates his cavalier disregard for

---

[1] It appears from other citations in Judge Wecht's memorandum that he meant to refer to a hearing on April 30, 2013.

this Court and his opponent. If he fails to take similar steps in any future appeal, he should not expect lenient treatment.

With these observations, I join Judge Wecht's well-reasoned memorandum.