J-S60015-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| EDWARD ANDREW BENDIK | : | |
| | : | |
| Appellant | : | No. 1754 MDA 2017 |

Appeal from the Judgment of Sentence entered February 3, 2017 in the Court of Common Pleas of Clinton County Criminal Division at No(s): CP-18-CR-0000498-2015

BEFORE:   SHOGAN, J., NICHOLS, J., and STRASSBURGER*, J.

MEMORANDUM BY SHOGAN, J.:          **FILED: JANUARY 18, 2019**

Edward Andrew Bendik ("Appellant") appeals from the judgment of sentence entered on February 3, 2017, following his convictions of burglary, aggravated assault, criminal trespass, reckless burning or exploding, disarming law enforcement officer, simple assault, cruelty to animals, two counts of receiving stolen property, and two counts of theft by unlawful taking.[1]  After careful review, we affirm.

The trial court set forth the following factual and procedural background:

[Appellant] was taken into custody on November 20, 2015 on suspicion that he had been involved in setting a dumpster on fire that was located adjacent to his residence. After further investigation, he also became suspected of the Burglary of the apartment located below his and the stabbing and subsequent burning of the dog living in the burgled apartment. After he was

---

[1] 18 Pa.C.S. §§ 3502(a)(2), 2702(a)(3), 3503(a)(1)(ii), 3301(d)(1), 5104.1(a)(1), 2701(a)(1), 5511(a)(2.1)(i)(A), 3925(a), and 3921(a), respectively.

---

*   Retired Senior Judge assigned to the Superior Court.

taken into custody, [Appellant] engaged in multiple struggles with the police officers detaining him, kicking at the officers and attempting to grab hold of one of the officer's pistols.

On November 21, 2015, [Appellant] was preliminar[il]y arraigned by Magisterial District Judge Frank P. Mill on charges of Burglary, Aggravated Assault, Cruelty to Animals, Reckless Burning or Exploding, Criminal Trespass, Disarming a Law Enforcement Officer, Receiving Stolen Property, Harassment, and Theft by Unlawful Taking. Monetary bail was set at $75,000 which [Appellant] could not post so he was held for court. After being continued from November 24, 2015, [Appellant's] preliminary hearing was held December 1, 2015 and he waived his appearance … at his formal arraignment on January 25, 2016.

[Appellant] was granted continuances on March 1, 2016 and April 25, 2016. During this time he was involved in multiple physical confrontations with other inmates, from which new charges arose. Subsequent to these conflicts [Appellant] agreed to be sent to the State Correctional Institute at Camp Hill for diagnostic evaluation and observation of his ability to stand trial. When the evaluation was completed and he was found competent to stand trial, jury selection was scheduled for and held on November 4, 2016.

On December 2, 2016, after a two day jury trial for #498-2015, [Appellant] was found guilty of eleven (11) different counts including but not limited to, Burglary, Aggravated Assault, Reckless Burning, Disarming a Law Enforcement Officer, and Cruelty to Animals. On February 3, 2017, immediately following the conclusion of the non-jury trial for the charges arising out of the conflicts while he was a prisoner, [Appellant] was sentenced in all of his cases. For #498-2015, [Appellant] was sentenced to a total of seventy-four (74) to three hundred and forty-eight (348) months to run consecutively.

On February 13, 2017, [Appellant] filed a Motion in Arrest of Judgment and a Motion to Modify Sentence in each of his cases. [Appellant] also filed a Motion for a New Trial for #498-2015. On May 23, 2017, [Appellant] filed an Amended Motion for a New Trial and Arrest of Judgment for #498-2015. Oral argument for the motions was held on May 27, 2017 and this Court issued an order denying the motions on June 28, 2017.

Trial Court Opinion, 1/18/18, at unnumbered 1–2. Both the trial court and Appellant complied with Pa.R.A.P 1925.

Appellant presents the following questions on appeal:

I. Was [Appellant] denied due process insofar as he was not preliminarily arraigned pursuant to Pennsylvania Rule of Criminal Procedure, Rules 519 and 540, and did not knowingly, intelligently or voluntarily waive his right to a preliminary arraignment, or his right to appear for an arraignment, and was not informed of the nature of the charges, or of his bail?

II. Was [Appellant] denied his right to a speedy trial under Pennsylvania Rule of Criminal Procedure, Rule 600, insofar as he was brought to trial more than one year after he was arrested and incarcerated, and did not knowingly, intelligently and voluntarily waive his right to a speedy trial?

III. Was [Appellant] denied due process due to the Commonwealth's failure to admit exculpatory lab report results into evidence when it presented apparently gruesome, inflammatory photographs calling for speculation by the jury as to what they depicted?

IV. Did the court abuse its discretion upon finding that the verdicts of guilty of Burglary, Criminal Trespass, Reckless Burning, Cruelty to Animals, Receiving Stolen Property (2 counts), Theft by Unlawful Taking (2 counts), and Harassment, were not contrary to the weight of the evidence?

V. Was the evidence insufficient as a matter of law to prove Aggravated Assault under 18 Pa.C.S. §2702(a)(3) on Officer Paul Gramley insofar as the Commonwealth failed to prove beyond a reasonable doubt that the officer suffered bodily injury, or that [Appellant] attempted to cause, or intentionally or knowingly caused bodily injury to Officer Gramley?

VI. Was the evidence insufficient to sustain the conviction for Reckless Burning or Exploding insofar as the Commonwealth failed to prove beyond a reasonable doubt that the fire placed an uninhabited building or unoccupied structure in danger of damage or destruction?

VII. Did the court abuse its discretion in imposing consecutive terms of imprisonment resulting in a manifestly excessive and unreasonable aggregate sentence of seventy-four (74) months to three hundred twelve (312) months' imprisonment for the instant offenses?

Appellant's Brief at 6–7.

In support of his first issue, Appellant alleges that he was not arraigned, as required by Pa.R.Crim.P. 519, Procedure in Court Cases Initiated Without Warrant, and Pa.R.Crim.P. 540, Preliminary Arraignment. Appellant's Brief at 32. Appellant further avers that although he was not arraigned on November 21, 2015, due to his combative behavior, he believes that the arraignment should have occurred "a few days after his arrest." *Id*. at 34. Finally, Appellant claims that the Commonwealth's failure to arraign him resulted in prejudice. *Id*. at 35. Ultimately, Appellant argues that the Commonwealth's failure required that all charges against him be dismissed. *Id*.

Appellant is due no relief on this issue. First, pursuant to Pa.R.Crim.P. 109:

[a] defendant shall not be discharged nor should a case be dismissed because of a defect in the form or content of a complaint, citation, summons, or warrant, or a defect in the procedures of the rules unless the defendant raises the defect before the trial conclusion in a summary case or before the conclusion of the preliminary hearing in a court case, **and** the defect is prejudicial to the rights of the defendant.

Pa.R.Crim.P. 109 (emphasis added). Appellant has failed to show where he raised the defect in his arraignment during his preliminary hearing. Appellant cited to a portion of the transcript of the preliminary hearing which Appellant

claimed would show that "[Appellant] first asserted that he never waived his right to a preliminary arraignment at the Preliminary Hearing held on December 1, 2015." Appellant's brief at 34. However, a review of the transcript to which Appellant cites does not support that contention. Indeed, in the excerpted portion, which Appellant included in the reproduced record, the attorney for the Commonwealth, and not Appellant, mentions that Appellant had to be arraigned *in abstentia* because he was uncooperative for the arraignment. Reproduced Record, at 25a–29(a), excerpting N.T. (Preliminary Hearing), 12/1/2015, at 42–44. At no point in the excerpted portion of the preliminary hearing does Appellant raise the issue of a defect in his arraignment.[2] Thus, we find the issue waived.

Even if we were to reach the merits of Appellant's claim relating to the defect in his arraignment, as discussed *infra,* Appellant must show that he was prejudiced by the alleged defect. In his brief, Appellant makes vague and unsupported allegations of unfair treatment and a claim that his presumption of innocence was ignored. Appellant's Brief at 35. Such claims will not suffice to establish prejudice under Pa.R.Crim.P. 109. **See Commonwealth v.**

---

[2] Moreover, we note that the preliminary hearing transcript is not part of the certified record in the instant case. It is Appellant's responsibility to ensure the presence of the transcript in the record prior its certification for appeal. **Commonwealth v. Felty**, 662 A.2d 1102, 1105 n.7 (Pa. Super. 1995). Although this Court is usually constrained to refuse consideration of documents not in the certified record, where, as here, neither party disputes the veracity of the notes of testimony, we may disregard this defect. **Id**.

*Gross*, 101 A.3d 28, 36 (Pa. Super. 2014) (noting that even if there was a defect in venue, the rules eschew the application of *per se* remedies for violations absent a showing of prejudice beyond the inherent prejudice of being subject to a criminal prosecution.).

In support of his next issue, Appellant argues that his right to a speedy trial under Pa.R.Crim.P. 600 was violated because he was brought to trial more than one year after he was arrested and incarcerated and had not waived his right to a speedy trial. Appellant's Brief at 36. Appellant alleges that the criminal complaint was filed on November 21, 2015, and Appellant's trial began on December 1, 2016, three hundred seventy six days after the complaint was filed. Appellant's Brief at 38. Appellant correctly avers that a delay due to a defendant's request is excludable from a Rule 600 calculation, and he admits that two hundred thirty one days were attributable to Appellant. *Id*.[3] He argues, however, that he did not consent to any of the continuances requested on his behalf. *Id*.

"In evaluating Rule [600] issues, our standard of review of a trial court's decision is whether the trial court abused its discretion." *Commonwealth v. Hunt*, 858 A.2d 1234, 1238 (Pa. Super 2004) (quoting *Commonwealth v. Hill*, 736 A.2d 578, 581 (Pa. 1999)). Herein, Appellant did not file a motion

---

[3] It is worth noting that the Commonwealth did not request any continuances in the instant case.

- 6 -

to dismiss on the grounds that Pa.R.Crim.P 600 was violated, as required by the rule. Pursuant to Pa.R.Crim.P. 600(D)(1), "[w]hen a defendant has not been brought to trial within the time periods set forth in paragraph (A), at any time before trial, the defendant's attorney, or the defendant if unrepresented, may file a written motion requesting that the charges be dismissed with prejudice on the ground that this rule has been violated." Appellant failed to file any such motion, and as such, this claim is waived. *See Commonwealth v. Brock*, 61 A.3d 1015, 1019–1020 (Pa. 2013).

In support of his third issue, Appellant alleges that he was denied due process because the Commonwealth failed to admit exculpatory evidence at trial. Appellant's Brief at 39. Specifically, Appellant alleges that the Commonwealth engaged in prosecutorial misconduct when it refused to stipulate to the admission or specifically seek the admission of a November 18, 2016 report, which Appellant claims would have proven that there was no dog blood found on Appellant's clothes or in the home of the victim. *Id*. at 40–41.[4]

Appellant provides no citation to any case law which establishes an affirmative duty on the part of the Commonwealth to seek the admission of allegedly exculpatory evidence. Moreover, Appellant admits that his trial

---

[4] We note that Appellant mischaracterizes the content of the report. Specifically, the report said that no dog proteins were detected on the referenced items, not that no dog blood was found on Appellant's clothes or the victim's floor.

counsel was aware of and had reviewed the report, as counsel specifically questioned Lock Haven Police Officer Elizabeth Gregory about the findings contained in the report. Appellant's Brief at 40. Indeed, during the trial, the following colloquy occurred:

> Appellant's counsel: You secured by way of a search warrant [Appellant's] sneakers, shirt and pants. The sneakers and shirt were tested for dog blood, correct?
>
> Officer Gregory: Yes.
>
> Appellant's Counsel: None was found?
>
> Officer Gregory: Correct.

N.T. (Trial), 12/01/16, at 142.

Essentially, Appellant argues that the Commonwealth violated **Brady v. Maryland**, 373 U.S. 83 (1963), which requires that the prosecution must disclose all exculpatory material. To establish a *Brady* violation under Pennsylvania law, "an appellant must prove three elements: (1) the evidence at issue was favorable to the accused, either because it is exculpatory or because it impeaches; (2) the evidence was suppressed by the prosecution, either willfully or inadvertently; and (3) prejudice ensued." **Commonwealth v. Ovalles**, 144 A.2d 957, 965 (Pa. Super. 2016). Given that Appellant admits that his trial counsel was aware of the report, as reflected in the above colloquy, he cannot satisfy the second prong of the **Brady** test and therefore, is due no relief.

In support of his fourth issue, Appellant argues that the guilty verdicts for burglary, criminal trespass, reckless burning, cruelty to animals, receiving stolen property, and theft by unlawful taking were contrary to the weight of the evidence.[5]  Appellant's Brief at 42.  Appellant claims that the only evidence "ostensibly connecting" Appellant to the crimes that occurred was that he was seen in the area on the day of the crimes.  *Id*. at 43.  Appellant also makes numerous factual statements that are not supported by the record.  Further, he alleges that Ms. Wendy Moyer, the resident of the apartment Appellant burgled and the owner of the dog he killed and burned, and her paramour at the time of the crimes were fighting.  He ultimately concludes that it was just as likely that Ms. Moyer's paramour was the individual who killed her pet and took it, along with the exercise bar and other items, to the dumpster and set them on fire.  *Id*. at 45.

> The law pertaining to weight of the evidence claims is well established:
>
> The weight of the evidence is a matter exclusively for the finder of fact, who is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses. A new trial is not warranted because of a mere conflict in the testimony and must have a stronger foundation than a reassessment of the credibility of witnesses. Rather, the role of the trial judge is to determine that notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice. On appeal, our purview is extremely limited and is confined to whether the trial court abused

---

[5] Although Appellant also avers that the verdict for harassment was contrary to the weight of the evidence in his statement of questions involved, he does not present any argument regarding this claim in his brief.  Thus, we find it waived.

its discretion in finding that the jury verdict did not shock its conscience. Thus, appellate review of a weight claim consists of a review of the trial court's exercise of discretion, not a review of the underlying question of whether the verdict is against the weight of the evidence. An appellate court may not reverse a verdict unless it is so contrary to the evidence as to shock one's sense of justice.

*Commonwealth v. Rosser*, 135 A.3d 1077, 1090 (Pa. Super. 2016)(*en banc*) (quoting *Commonwealth v. Gonzalez*, 109 A.3d 711, 723 (Pa. Super. 2015)). "Thus, the trial court's denial of a motion for a new trial based on a weight of the evidence claims is the least assailable of its rulings." *Commonwealth v. Cousar*, 928 A.2d 1025, 1036 (Pa. 2007).

Although Appellant claims there is no evidence linking him to the crimes other than the fact that he was seen at the apartment building on the date of the crimes, that statement is belied by the record. First, Ms. Moyer testified that upon arriving home from work, she observed Appellant standing at the dumpster, holding a piece of exercise equipment that belonged to her boyfriend. N.T. (Trial), 12/1/16, at 59. Ms. Moyer further testified that approximately ten minutes after she arrived home and saw Appellant standing at the dumpster, the dumpster was on fire. *Id*. at 65. A neighbor, Mr. Brett Schermerhorn, testified that while he was working on his automobile, he witnessed Appellant walk back and forth between Ms. Moyer's apartment and the dumpster. *Id*. at 87. Mr. Schermerhorn also testified that he witnessed Appellant walk to the dumpster holding an exercise bar and use a piece of cloth or a bedsheet to clean the exercise bar. *Id*. at 89. He further testified

that he saw Appellant walking around with a black, opaque jug. *Id*. at 88. Finally, he testified that approximately four or five minutes after he saw Appellant hanging around the dumpster, he noticed the dumpster was on fire, and he did not see anyone other than Appellant approach the dumpster that afternoon. *Id*. at 92. Additionally, Ms. Moyer's ex-paramour testified that he did not give Appellant his exercise bar, nor did he tell Appellant he could have it. *Id*. at 168.

As the trial court noted in its 1925(a) opinion, it possessed limited authority to reverse a jury verdict and could do so only if the verdict was so contrary to the evidence to shock one's sense of justice. Trial Court Opinion, 1/18/18, at unnumbered 6. The trial court specifically found that,

> [t]he jury in this case listened to the testimony of the witnesses and rendered its verdict. This [c]ourt does not find that the jury's verdict 'shock[s] one's sense of justice.' Therefore, [Appellant's] motion was properly denied with respect to the challenge on the weight of the evidence for the various guilty verdicts. . . .

*Id*. We agree. Given the evidence and testimony presented to the jury, we hold that Appellant has failed to show that the trial court abused its discretion when it denied Appellant's motion for a new trial on weight grounds.

In his fifth issue, Appellant asserts that the evidence was insufficient to sustain his conviction for aggravated assault of Lock Haven Police Department Officer Paul Gramley because the Commonwealth failed to prove that the officer suffered bodily injury or that Appellant attempted to cause, or intentionally or knowingly caused, the officer bodily injury. Appellant's Brief

at 45.   An individual is guilty of aggravated assault if he "attempts to cause or intentionally or knowingly causes bodily injury to any of the officers, agents, employees or other person enumerated in subsection (c), in the performance of duty."  18 Pa.C.S. § 2702(a)(3) Subsection (c) enumerates the protected employees, including "(1) Police Officer" and "(9) Officer or employee of a correctional institution, county jail or prison . . . ."  18 Pa.C.S. §§ 2702(c)(1), (9).

Our standard for review of a sufficiency of the evidence claim is as follows:

> When presented with a claim that the evidence was insufficient to sustain a conviction, an appellate court, viewing all of the evidence and reasonable inferences therefrom in the light most favorable to the Commonwealth as the verdict winner, must determine whether the evidence was sufficient to enable the fact-finder to find that all elements of the offense were established beyond a reasonable doubt.

**Commonwealth v. Woody**, 939 A.2d 359, 361 (Pa. Super. 2007) (citation omitted).   "Furthermore, "[t]he Commonwealth may sustain its burden by proving the crime's elements with evidence which is entirely circumstantial and the trier of fact, who determines credibility of witnesses and the weight to give the evidence produced, is free to believe all, part, or none of the evidence."  **Id**. (quoting **Commonwealth v. Brown**, 701 A.2d 252, 254 (Pa. Super. 1997)).

In the instant case it is uncontroverted that Appellant kicked Officer Gramley three times in the upper thigh as Officer Gramley attempted to put

leg shackles on Appellant, and Appellant later lunged at Officer Gramley and attempted to remove his taser. Appellant's brief at 46–47. During Appellant's trial, Officer Gramley testified that the kicks from Appellant were painful, although he was not injured. N.T. (Trial), 12/1/16, at 189. He further testified that Appellant's kicks landed a few inches from his groin. *Id*. Later, when officers were attempting to transfer Appellant, Appellant lunged at Officer Gramley as soon as his restraints were removed and attempted to seize Officer Gramley's taser. *Id*. at 197. Officer Steven Nero testified that he saw Appellant put "his hands firmly on the handle" of Officer Gramley's taser and, therefore, he intervened and took Appellant to the ground. N.T. (Trial), 12/1/16, at 249. In addition to the testimony from Officer Gramley and other officers involved in the incidents, the jury viewed a video of the incidents before rendering their guilty verdict.

Appellant asserts that this Court should look at the totality of the circumstances and find that the Commonwealth failed to prove that Officer Gramley suffered serious bodily injury or that Appellant attempted to cause bodily injury. Appellant's Brief at 48. Appellant relies on two cases in support of this issue: *Commonwealth v. Wertelet*, 696 A.2d 206 (Pa. Super. 1997) and *Commonwealth v. Kirkwood*, 520 A.2d 451 (Pa. Super. 1987). However, neither of these cases addresses the issue of whether the evidence was sufficient to show an attempt. Indeed, in *Commonwealth v. Brown*, 23 A.3d 544 (Pa. Super. 2011), this Court specifically held as follows:

> Whether the officer's swollen lip constitutes a "bodily injury" for purposes of section 2702(a)(3) is irrelevant, since in a prosecution for aggravated assault on a police officer the Commonwealth has no obligation to establish that the officer actually suffered a bodily injury; rather, the Commonwealth must establish only an *attempt* to inflict bodily injury, and this intent may be shown by circumstances which reasonably suggest that a defendant intended to cause injury.

*Id*. at 560 (emphasis in original). Appellant kicked Officer Gramley three times, two of which occurred after Officer Gramley asked Appellant if he was trying to kick him and Appellant responded in the affirmative. Appellant attempted to take Officer Gramley's taser after lunging at him. Viewing the above evidence and reasonable inferences therefrom in the light most favorable to the Commonwealth as the verdict winner, we find the evidence was sufficient to sustain Appellant's conviction under 18 Pa.C.S. § 2702(a)(3).

In support of his sixth issue, Appellant argues that the evidence was insufficient to support his conviction for reckless burning or exploding, as the Commonwealth failed to prove that the fire placed an unoccupied building or uninhabited structure in danger of damage or destruction. Appellant's Brief at 49. Our standard of review is the same as set forth in our discussion of Appellant's fifth issue, which also raised a claim of sufficiency of the evidence.

Pursuant to 18 Pa.C.S. § 3301(d)(1),

> **Reckless burning or exploding**.--A person commits a felony of the third degree if he intentionally starts a fire or causes an explosion, or if he aids, counsels, pays or agrees to pay another to cause a fire or explosion, whether on his own property or on that of another, and thereby recklessly:

- 14 -

> (1)  places an uninhabited building or unoccupied structure of another in danger of damage or destruction. . . .

18 Pa.C.S. § 3301(d)(1).  Appellant avers that the Commonwealth failed to present evidence establishing that an uninhabited building or structure was in danger of destruction.  Appellant's Brief at 49.  Appellant states that the dumpster, which he set on fire, was approximately twenty to thirty feet from the apartment building where Ms. Moyer resided and six feet from a garage, which was a separate building.  *Id*. (citing N.T., 12/1/16, at 57, 92).

In the instant case, the Commonwealth presented the testimony of Mr. Schermerhorn, who testified that the flame from the dumpster reached fourteen or fifteen feet in the air, ten to twelve feet beyond the top of the dumpster.  N.T., 12/1/16, at 89.  Given the testimony that the garage was six feet from the dumpster and the flames from the dumpster reached at least twice that distance, which the jury was free to believe, we find that the evidence was sufficient to support a conviction for Reckless Burning or Exploding.

In his final issue, Appellant alleges that the sentencing court abused its discretion when it sentenced Appellant to an aggregate, excessive sentence of seventy four (74) to three hundred forty eight (348) months of imprisonment.[6]  Appellant's Brief at 50.  Appellant alleges that the trial court

_____

[6] Appellant incorrectly stated his term of incarceration as seventy four (74) to three hundred and twelve (312) months in his statement of the questions

erred in failing to consider his background and rehabilitative needs, by considering an impermissible factor, and by focusing only on the nature of the offenses. *Id*. at 51.

The right to appeal the discretionary aspects of sentence is not absolute. *Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010). Pursuant to *Moury*:

> we conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) whether appellant's brief has a fatal defect; and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

*Id*. In the instant case, we find that Appellant's brief was timely filed, Appellant filed a timely motion to modify sentence raising the issue, and the brief contains the required Pa.R.A.P. 2119(f) statement. Thus, we turn to whether Appellant has raised a substantial question.

"The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. *Commonwealth v. Caldwell*, 117 A.3d 763, 768 (Pa. Super. 2015) (quoting *Commonwealth v. Prisk*, 13 A.3d 526, 533 (Pa. Super. 2011)). A substantial question exists "only where the appellant advances a colorable argument that the judge's actions were either: (1) inconsistent with a specific provision of the Sentencing code; or (2)

---

involved. The correct term of incarceration is seventy four (74) to three hundred and forty eight (348) months.

- 16 -

contrary to the fundamental norms which underlie the sentencing process. *Moury*, 992 A.2d at 170. "Ordinarily, a claim that the sentencing court failed to consider or accord proper weight to a sentencing factor *does not* raise a substantial question." *Caldwell*, 117 A.3d at 769 (quoting *Commonwealth v. Berry*, 785 A.2d 994, 996-97 (Pa. Super. 2001)) (emphasis in original). In the instant case, however, we find that where Appellant alleges that his sentence is unduly excessive because the sentencing court failed to consider his rehabilitative needs and relied on an impermissible factor, he has raised a substantial question. Thus, we will reach the merits of Appellant's appeal. *See Commonwealth v. Johnson*, 125 A.3d 822 (Pa. Super. 2015) (excessive sentence claim, in conjunction with assertion that sentencing court failed to consider mitigating factors, raises a substantial question). Nevertheless, we conclude Appellant is entitled to no relief on this claim.

When reviewing Appellant's challenge to the discretionary aspects of sentencing, this court will determine whether the trial court has abused its discretion. *Caldwell*, 117 A.3d at 770.

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Id*. (quoting *Commonwealth v. Raven*, 97 A.3d 1244, 1253 (Pa. Super. 2014)). Moreover, "a trial court need not undertake a lengthy discourse for

its reasons for imposing a sentence or specifically reference the statute in question, but the record as a whole must reflect the sentencing court's consideration of the facts of the crime and the character of the defendant. ***Commonwealth v. Colon***, 102 A.3d 1033, 1044 (Pa. Super. 2014) (quoting ***Commonwealth v. Crump***, 995 A.2d 1280, 1283 (Pa. Super. 2010)).

In his brief, Appellant acknowledges that the sentencing court enjoys broad discretion in determining the punishment which best suits a particular defendant and the circumstances surrounding his crime. Appellant's Brief at 51. Appellant argues, however, that the "court showed only an intent to exact retribution for the offense involved in this case," to the exclusion of other factors. ***Id***. at 57. Appellant also contends that the sentencing court impermissibly stated that Appellant suffered from a serious mental illness, despite the lack of expert testimony establishing the same. ***Id***. Finally, Appellant avers that because of its "intense focus" on the seriousness of the offense, "the sentencing court effectively considered a factor already included when determining the guideline range, the prior record score." ***Id***. at 59. None of Appellant's arguments has merit.

First, we note that Appellant was sentenced in accordance with the Sentencing Guidelines.[7] Second, the sentencing court specifically stated on

---

[7] Although Appellant does not specifically allege that the sentencing court abused its discretion because his sentences ran consecutively and not concurrently, we note that Appellant is not entitled to "'a volume discount' for

the record that it considered the purposes of sentencing in Pennsylvania, namely, "retribution, rehabilitation, deterrence, and incapacitation." N.T.(Sentencing), 2/3/17, at 22. To the extent Appellant is arguing that the sentencing court looked only at the nature of the offenses and Appellant's prior criminal history, these statements are belied by the record. In sentencing Appellant, the court looked to the fact that Appellant has shown no remorse. N.T. (Sentencing), 2/3/17, at 25. Moreover, the trial court stated on the record that it had received and reviewed Appellant's Pre-Sentence Investigation Report ("PSI"), among other documents. *Id*. at 4. Where the sentencing court had the benefit of a PSI we can assume the sentencing court "was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." *Moury*, 992 A.2d at 171. Further, we note that the sentencing court heard testimony from Appellant's mother and gave Appellant an opportunity to speak on his own behalf, which Appellant declined. The sentencing court also stated that Appellant was not amenable to any type of rehabilitation services that were available at the county level and that, while awaiting trial, Appellant had assaulted several inmates and received twenty one misconducts. N.T. (Sentencing), 2/3/17, at 23. Appellant is due no relief on the grounds that

---

his crimes by having all sentences run concurrently." *Commonwealth v. Hoag*, 665 A.2d 1212 (Pa. Super. 1995).

the sentencing court abused its discretion because it sought only retribution when it handed down his sentence.

Appellant also argues that the sentencing court impermissibly opined that Appellant may be a psychopath. Appellant's Brief at 54. Although the sentencing court did comment that "this court believes that it is extremely possible you are a psychopath." N.T. (Sentencing), 2/3/17, at 25, the sentencing court stated that Appellant was sent to the Department of Corrections for the purposes of a psychological evaluation and noted that the examiner did not find any mental health issues. *Id*. at 24. Given the fact that the sentencing court acknowledged that Appellant did not have any mental disorders, Appellant cannot show that the sentencing court impermissibly relied on the speculation that Appellant was a psychopath when it sentenced him. Indeed, Appellant has failed to show that sentencing court abused its discretion in sentencing him based upon the aforesaid comment it made. Appellant is due no relief.

Finally, Appellant argues the sentencing court abused its discretion when it double counted the seriousness of Appellant's offense. Appellant's Brief at 59. Appellant does not provide any citation to a place in the record where the sentencing court double counted any sentencing factor, and his claim is based upon the allegation that the trial court discussed "almost to the exclusion of all else the facts related to the seriousness of the offense." Appellant's Brief at 60. As the record clearly reflects, and as discussed *supra*,

the sentencing court explicitly outlined the factors and information it considered when it sentenced Appellant. Appellant is due no relief.

For all the foregoing reasons, judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 01/18/2019